IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-CR-163-BO

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| AKRAM ABDEL-AZIZ | ) |

**RESTRAINING ORDER**

This matter is before this Court on the Motion of the United States of America for entry of a Post-Indictment Restraining Order pursuant to 21 U.S.C. § 853(e)(1)(A), which provides courts with jurisdiction upon the filing of a criminal indictment to enter a restraining order and take such other action in connection with property or other interests to preserve their availability for forfeiture.

It appearing to the Court that a criminal indictment was filed against Akram Abdel-Aziz, charging a violation for which criminal forfeiture may be ordered under 21 U.S.C. § 853(a)(1) and alleging that the following assets would, in the event of conviction, be subject to forfeiture; and for all the reasons previously articulated in this Court's order granting the government's motion for a temporary restraining order in related case In re Assets of Akram Abdel-Aziz, No. 5:18-CV-153-BO, it is, therefore

ORDERED AND DECREED:

1

That effective immediately, AKRAM ABDEL-AZIZ, his respective agents, servants, employees, attorneys, family members, and those persons in active concert or participation with him, and any person or entity who has received or is holding personal property for him (hereafter collectively, "the parties"), be and are hereby

RESTRAINED, ENJOINED, AND PROHIBITED, without prior approval of this Court and upon notice to the United States and an opportunity for the United States to be heard, from attempting or completing any action to sell, transfer, convey, assign, encumber, dissipate, waste, or otherwise attempting or completing any action that would affect or diminish the availability, marketability or value of the following property:

> Real property known as 4511 Lake Hills Drive, Wilson, North Carolina, owned by Akram Abdel-Aziz and Zeinab Abdel-Aziz, husband and wife.

IT IS FURTHER ORDERED that, in the event that the parties, or any third party holding or controlling property for the parties, desires to transfer, convey, liquidate, or encumber any such property, and, if the United States consents to such transfer, the transfer may be made upon condition that all sale proceeds shall be placed in escrow in an account(s) approved by counsel for the United States. In the event that forfeiture is ultimately ordered, any funds received from the sale of property for the actual property forfeited shall be substituted for the actual property.

IT IS FURTHER ORDERED that, if any of the above-described property has been transferred or disposed of by any means (except for property seized by, or transferred or relinquished to the United States), the parties, or any person involved in the transfer or disposition of such property for or on behalf of the parties, shall account to the Court and the United States for the disposition and location of the property. Further, this Restraining Order applies with equal force and effect to restrain the transfer or disposition of the proceeds from said property.

IT IS FURTHER ORDERED that the United States, or the subjects of this Order, may seek modifications of this Order if it is deemed necessary by them to preserve their interest in the subject property.

IT IS FURTHER ORDERED that the terms of this Restraining Order shall remain in full force and effect until the conclusion of all criminal proceedings, including all appeals and ancillary proceedings, or until further order of this Court.

The United States shall serve this Order on all parties which may be affected by it, making prompt return of same to the Court.

SO ORDERED, this __9__ day of July, 2018.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE